

The following constitutes the order of the Court.
Signed: October 4, 2021

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **EVANDER FRANK KANE**,<br><br>Debtor.<br>**CENTENNIAL BANK**,<br><br>Plaintiff,<br>v.<br>**EVANDER FRANK KANE**, Debtor,<br><br>Defendant. | Case No. 21-50028 SLJ<br>Chapter 7<br><br>Adv. Proc. No. 21-5016 |

## ORDER GRANTING MOTION TO DISMISS IN PART

Plaintiff Centennial Bank loaned Defendant Evander Kane $3,900,000 in 2018. Now, Plaintiff seeks in this adversary proceeding to have that debt declared nondischargeable, or to prevent Defendant from obtaining a discharge in the underlying bankruptcy case at all.

This order deals with Defendant's motion to dismiss Plaintiff's complaint. Defendant argues the nondischargeability claim should be dismissed as untimely, and that the claims to deny his discharge all fail to allege sufficient facts to state a claim for relief. I conclude the nondischargeability claim must be dismissed as untimely, but decline to dismiss the claims to

deny his discharge. Plaintiff alleges facts that, taken as true, state a facially plausible claim for relief under each asserted claim.

## I. BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed this adversary proceeding on May 5, 2021. ECF 1. Plaintiff alleges it loaned Defendant $3,900,000 on September 5, 2018. *Id.* ¶ 8. The loan is purportedly secured by Defendant's salary under his player's contract with the San Jose Sharks. *Id.* ¶ 9. Defendant agreed to have those pledged salary payments deposited by the Sharks directly into a bank account controlled by Plaintiff, *id.* ¶ 10, and further agreed to waive any protection from wage garnishment under Florida law, *id.* ¶ 11. The parties amended the loan three times for additional amounts borrowed, and to reflect updated payment and amortization schedules. *Id.* ¶¶ 14–15. Later, Defendant caused his salary payments to be paid directly to him, rather than paid to Plaintiff under the terms of the loan. *Id.* ¶ 16. Based on this, Plaintiff asserts Defendant never intended to honor his obligations under the loan.

Next, Plaintiff turns to Defendant's filings in the underlying bankruptcy case. Plaintiff notes Defendant amended his schedules and Statement of Financial Affairs ("SOFA") multiple times, but alleges they "are still littered with numerous discrepancies and omissions." *Id.* ¶ 18. One of these alleged discrepancies is Defendant describing his debts as primarily non-consumer debts, despite having few business-related assets or liabilities.[1] Plaintiff then notes Defendant did not schedule any transfers to insiders within one year of the petition in his original SOFA, but admitted at a Bankruptcy Rule 2004 examination that he routinely transfers funds to his mother, pays his father's car payments, pays the mortgage on a property he co-owns with his mother, and pays his mother and father's living expenses. *Id.* ¶ 20. Plaintiff also alleges Defendant underreported his monthly incomes, listing only

---

[1] I note that Plaintiff again asserts that debts can only be business debt or consumer debt, despite my rejecting this dichotomy when I denied its motion to dismiss Defendant's bankruptcy case. BK ECF 151. In any event, I only concluded that Plaintiff failed to prove Defendant's debts were primarily consumer, not that they are primarily non-consumer. That decision is currently on appeal.

ORDER GRANTING MOTION TO DISMISS IN PART 2/15

income from a podcast he has never produced an episode of, while failing to amend his schedules to include gross earnings of $879,387.93 as of February 26, 2021. *Id.* ¶ 22.

Of critical concern to this motion is Plaintiff's allegation that Defendant, or an agent of his, represented to Plaintiff while negotiating the loan that Defendant owned three pieces of real property in Canada. Yet Defendant's only lists two pieces of Canadian real property in his filings. Because negotiations between Plaintiff and Defendant began in late 2018, this implicates the two-year window for transfers of property prior to the petition date. Plaintiff asserts Defendant intentionally omitted the third Canadian property from the case, or never owned that property, and thus lied about his finances during loan negotiations. *Id.* ¶ 21.

Plaintiff also takes issue with Defendant either not knowing, or refusing to disclose, how he disposed of "the many millions of dollars" he earned over his 11-year career playing professional hockey. *Id.* ¶ 23. Next, Plaintiff notes that Defendant took out additional loans with Zions Bancorporation and Professional Bank to pay off previous high interest loans he had accrued. But at his § 341(a) meeting, Defendant was unable to explain what the funds from those high interest loans were used for, or when those debts were incurred. *Id.* ¶ 24. Defendant also could not explain "a significant number of charges, withdrawals, and deposits listed" in his bank accounts. *Id.* ¶ 25. Defendant also scheduled several unsecured loans from individuals, but has no documentation for such loans, and does not know when such loans were incurred or what the funds were used for. *Id.* ¶ 26.

Based on these facts, Plaintiff asserts five claims: one nondischargeability claim under § 523(a)(2)(A)[2], and four denial of discharge claims under §§ 727(a)(2)–(5).

B. <u>Defendant's Motion to Dismiss</u>

Defendant filed this motion to dismiss on June 18, 2021. ECF 11. Defendant first argues the § 523(a)(2)(A) is untimely because Plaintiff never requested an extension of time

---

[2] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

to file a complaint under that section. As for Plaintiff's § 727(a) claims, Defendant argues each fails to allege facts that state a plausible claim for relief. Defendant also argues some of these claims are subject to Civil Rule 9(b)'s particularity requirement, and that in each case the complaint is insufficiently specific to satisfy that Rule. Defendant mainly argues that he has fully complied with his duties under the Code to provide documentation of his finances prior to the case, and that Plaintiff's allegations regarding the third Canadian property fail to support its claims because it cannot identify the property or allege facts to show it is material to the case or was actually transferred within the period necessary to revoke his discharge.

C. Plaintiff's Opposition

Plaintiff timely opposed Defendant's motion on September 14, 2021.[3] ECF 15. Plaintiff agrees that its § 523(a)(2)(A) claim must be dismissed as untimely. But Plaintiff also says its allegations are enough under each part of § 727(a) it asserts. To summarize, the facts alleged permit inferences that Defendant either transferred the third Canadian property within a year of this case, or continues to own it without listing it in his schedules. They also show Defendant cannot reasonably account for millions of dollars in salary and loans earned in recent years, and that he has no explanation for numerous recent bank transactions.

II. LEGAL STANDARD

A defendant may assert, by motion, the defense that the plaintiff has failed to state a claim upon which relief can be granted. Civil Rule 12(b)(6) (incorporated by Bankruptcy Rule 7012). At its heart, a motion to dismiss is a statement that even if the plaintiff is given every benefit of the doubt, the plaintiff's claim should be dismissed because it is unsupported by factual assertions or is otherwise not legally cognizable.

For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). When deciding whether to grant a motion to dismiss, the court generally "may not consider any material

---

[3] The gap in time between the motion and the opposition is explained by my granting a stipulation to continue the hearing on this motion. ECF 14.

Case: 21-05016    Doc# 19    Filed: 10/04/21    Entered: 10/04/21 10:49:09    Page 4 of 15

beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See *Lee v. Los Angeles*, 250 F.3d 668, 688–69 (9th Cir. 2001).

To state a claim for relief and survive a motion to dismiss, the pleading "does not need detailed factual allegations" but the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "[F]or a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

When alleging fraud, Civil Rule 9(b), applicable in bankruptcy proceedings under Bankruptcy Rule 7009, requires a party "state with particularity the circumstances constituting fraud[.] Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See In re Craciun*, 2014 WL 2211742, at *5 (B.A.P. 9th Cir. May 28, 2014) (applying Civil Rule 9(b) to § 523(a)(2)(A) claims). A party alleging fraud must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted).

Finally, when a complaint is dismissed pursuant to a Civil Rule 12(b)(6) motion to dismiss, "[l]eave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. When amendment would be futile, however, dismissal may be ordered with prejudice." *Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1135 (N.D. Cal. 2010) (citations omitted).

## III. DISCUSSION

### A. The Parties Agree Plaintiff's First Claim Must be Dismissed

Defendant first argues Plaintiff's first claim under § 523(a)(2)(A) claim must be dismissed as untimely because the deadline to file a § 523 complaint was originally April 5, 2021, and Defendant did not request an extension of that deadline.[4] Plaintiff agrees to the dismissal of this claim. ECF 15, p. 6. As the parties agree, I will dismiss this claim.

### B. Plaintiff's § 727(a)(2) Claim is Adequately Pled

Section 727(a)(2) says I cannot grant Defendant a discharge if he "transferred, removed, destroyed, mutilated, or concealed" his property within one year before" filing his bankruptcy case, or estate property after filing the case, or permitted such property "to be transferred, removed, destroyed, mutilated, or concealed," "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under" the Code. "A party seeking denial of discharge under § 727(a)(2) must prove two things: '(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act of disposing of the property.'" *In re Retz*, 606 F.3d 1189, 1200 (9th Cir. 2010) (citation and alteration omitted). "A debtor's intent need not be fraudulent to meet the requirements of § 727(a)(2). Because the language of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay a creditor. Furthermore, lack of injury to creditors is irrelevant for purposes of denying a discharge in bankruptcy. *Id.* (cleaned up). Courts look to the "badges of fraud" when determining § 727(a)(2) claims, which include: "(1) a close relationship between the transferor and the transferee; (2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor was insolvent or in poor financial condition at the time; (4) that all or substantially all of the Debtor's property was transferred; (5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in

---

[4] Defendant did timely file a stipulation to extend the deadline for it to file a § 727 complaint or § 707(b) motion to dismiss, ECF 59, which I granted, ECF 64. But both orders are explicit that the only extensions granted were under §§ 727 and 707(b), not § 523.

recovering any part of the judgment; and (6) that the Debtor received inadequate consideration for the transfer." *Id.* (citation omitted).

Plaintiff alleges that Defendant represented to Plaintiff during the loan process that he owned three pieces of Canadian real property. Plaintiff then notes that Defendant has only ever listed two pieces of Canadian real property in his schedules and other bankruptcy filings. These omissions, and Plaintiff's unspecified information and belief, lead Plaintiff to further allege that Defendant transferred or removed his equity in the third Canadian property, or permitted such equity to be transferred or removed.

Defendant argues this claim should be dismissed for three reasons: (1) I cannot reasonably infer from these facts that the alleged transfer happened within the one-year lookback period; (2) Defendant's multiple amendments to his filings contradict Plaintiff's allegations, so I need not accept them as true; and (3) Plaintiff's allegations do not meet the heightened particularly requirement of Civil Rule 9(b) for pleading fraud. I disagree on all three counts, and conclude Plaintiff's § 727(a)(2)(A) claim is adequately pled.

First, I believe I can reasonably infer based on the complaint that the alleged transfer happened within the one-year lookback period of § 727(a)(2)(A). Defendant filed his case on January 9, 2021, so the question is whether Defendant transferred the property on or after January 10, 2020.[5] Defendant last admitted he owned the third Canadian property in March 2019; I can reasonably infer from this that Defendant had not transferred the property then. There were 22 months between March 2019 and January 2021, 10 of which fall outside the § 727(a)(2)(A) lookback period. Restated slightly, more of those 22 months are within the lookback period than are not. As a matter of probability, this makes it a bit more likely than not that the alleged transfer happened within the lookback period. I think this is enough to make Plaintiff's claim more than speculative. But I also note that, accepting as true that

---

[5] It is true Plaintiff did not explicitly allege that the transfer occurred within a year of the petition date. But the complaint grounds Plaintiff's second claim in § 727(a)(2)(A), *see* ECF 1, p. 12 ("Centennial respectfully requests a judgment (i) denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2) . . . ."), so I conclude Defendant is on notice that this is what Plaintiff means to allege.

ORDER GRANTING MOTION TO DISMISS IN PART 7/15

Defendant both owned the property and later transferred it, Defendant could refute the complaint by showing that transfer happened before January 10, 2020. Such proof would presumably be in Defendant's possession, or Defendant would know where to find it. For purposes of this motion, I think the absence of such proof in Defendant's motion makes it reasonable to infer Defendant transferred the property within the lookback period.[6]

The second argument is meritless. Plaintiff alleges Defendant has repeatedly lied on his schedules and other bankruptcy filings by never listing the third Canadian property. I do not think a debtor can contradict rebut a claim that they lied on their schedules by pointing to the very schedules a creditor claims are fraudulent. It is circular reasoning, and if accepted would appear to preclude any claim based on a debtor lying on his schedules.

Finally, Plaintiff does not need to satisfy Civil Rule 9(b) to the extent it argues that Defendant acted with the intent to hinder or delay Plaintiff, and Plaintiff's opposition makes clear it alleges as much. ECF 15, p. 8. But while some allegations are not as specific as they could be – the location of the third Canadian property and the date of the alleged transfer, mainly – Plaintiff provides enough facts for Defendant to determine the who, what, where, when, and why of this claim, meaning this claim does satisfy Civil Rule 9(b).

In sum, Plaintiff pleads facts that, if true, state a claim under § 727(a)(2)(A). I must presume such facts are true here, so Defendant's motion must be denied as to this claim.

C. Plaintiff's § 727(a)(3) is Adequately Pled

Section 727(a)(3) says I must grant Defendant a discharge unless he "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]" "[T]he purpose of § 727(a)(3) is to make discharge dependent on the debtor's true presentation of his financial affairs." *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (citation omitted). "The statute does not require

---

[6] This is, of course, without prejudice to Defendant presenting such proof later.

ORDER GRANTING MOTION TO DISMISS IN PART 8/15

absolute completeness in making or keeping records." *Id.* (citing *Rhoades v. Wikle*, 453 F.2d 51, 53 (9th Cir. 1971)). "Rather, the debtor must 'present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past.'" *Caneva*, 550 F.3d at 761 (citation omitted). § 727(a)(3) is strictly construed to serve the Bankruptcy Code's purpose of giving debtors a fresh start. *Id.* (quoting *Matter of Kasler*, 611 F.2d 308, 310 (9th Cir. 1979)).

To succeed on a § 727(a)(3) claim, Plaintiff must show: "(1) that [Defendant] failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain [Defendant's] financial condition and material business transactions." *Caneva*, 550 F.3d at 761 (internal quotation marks omitted) (quoting *In re Cox*, 41 F.3d 1294 (9th Cir. 1994)). Upon such a showing, "'the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records.'" *Caneva*, 550 F.3d at 761 (citation omitted).

Plaintiff alleges Defendant owns three pieces of real property in Canada, but failed to schedule it and cannot produce any documentation about it. If Defendant did own that property, he either transferred it or still owns it. That means he either has no records of what, if any, consideration he received for its transfer, or of his ownership of the property. Such documents would likely assist a creditor in determining Defendant's finances.

Plaintiff then alleges Defendant was unable to explain why he incurred the high interest loans, when they were incurred, and who originated those loans. Defendant is correct that the complaint includes a document that shows who was paid off with the funds from Plaintiff's loan to Defendant. ECF 1, p. 74–75. That still leaves the purpose and date of these loans. At a minimum, the purpose of those loans seems relevant to determining Defendant's financial status. I have already found it reasonable to infer from the complaint that Defendant omitted from his schedules his transfer of the third Canadian property or his ownership of the property. This opens the possibility that Defendant is omitting other such transfers or ownership interests. If the high interest loans were used to purchase property, such information would provide a more complete picture of Defendant's finances. And

while Defendant thinks it unreasonable to maintain records of loans he says he paid off years ago, this only highlights the importance of knowing when he incurred the high interest loans.

Plaintiff also alleges Defendant cannot to provide records to explain certain deposits and withdrawals noted in his bank records. While the amounts Plaintiff discusses are not particularly large in the grand scheme of Defendant's finances, they provide further support for Plaintiff's contention that Defendant's records are so incomplete that a creditor cannot reasonably put together a complete picture of Defendant's finances.

Finally, Plaintiff says Defendant's inability to recall whether he owns other property than what he scheduled shows he either does not own such property, and thus cannot explain the dissipation of his assets over time, or failed to maintain records of such property if he does own unscheduled property. Defendant has been a highly paid professional hockey player for some time now. Plaintiff's ultimate contention here is that Defendant's scheduled assets do not reflect the income he has earned over the years. This, coupled with the other allegations I discussed above, is enough to show a prima facie claim under § 737(a)(3).

Defendant's opposition primarily argues that he has disclosed substantial records in this case, which are enough for creditors to determine his financial condition. The problem with this argument is it invites me to weigh competing allegations, which I cannot do on a motion to dismiss. Plaintiff has alleged enough discrepancies and omissions to make this claim more than speculative. So while I may seriously question the ultimate merits of this claim, I conclude it inappropriate to dismiss it in this context.

D. Plaintiff's § 727(a)(4) is Adequately Pled

Plaintiff's fourth claim asserts a § 727(a)(4) claim. Section 727(a)(4) says I must grant Defendant a discharge unless he "knowingly and fraudulently, in or in connection with the case made a false oath or account; presented or used a false claim; gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs[.]" "A false

statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath. The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations. To prevail on this claim, a plaintiff must show, by a preponderance of the evidence, that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *Retz*, 606 F.3d at 1196–97 (cleaned up).

Plaintiff first points to the third Canadian property, which Defendant did not schedule and could not recall any information about at his Bankruptcy Rule 2004 exam. I disagree with Defendant's argument that this is unsupported by plausible allegations. As I discussed above, Plaintiff says Defendant last represented he owned such property to Plaintiff in March 2019. Then, he failed to schedule it, either as property he owned, or as property he transferred within two years of the bankruptcy case, in a case he filed less than two years after such representation. Accepting as true that Defendant in fact owned the property in March 2019, these allegations show Defendant should have scheduled it, either as a transfer within two years of the case, or as property he owned. I also disagree that these allegations fail Civil Rule 9(b), for the same reasons as above. As for Defendant's argument that Plaintiff fails to allege this was a material omission, I note that the schedules also do not show any debt secured by a third Canadian property. This allows me to infer that Defendant owns such property outright, meaning it could be sold to pay unsecured creditors. Another possibility is that Defendant paid off such loan when he transferred the property, which permits an inference that he received more than the loan's value in exchange; it is unclear why someone would transfer encumbered real property solely to pay off a loan, with no other benefit to the transferor. In any event, I conclude it improper to dismiss this claim solely because Plaintiff's allegations do not explicitly invoke each element of the claim.

Plaintiff also notes Defendant's original failure to schedule numerous payments to and on behalf of his family. These omissions were later corrected, as Defendant points out. But I agree with Plaintiff that the original omissions are still relevant to this claim: a prior

ORDER GRANTING MOTION TO DISMISS IN PART 11/15

omission of fact Defendant knows should have been disclosed in the schedules provides some circumstantial evidence of Defendant's overall intent.

I note again that Plaintiff is wrong to describe Defendant as listing his debts as primarily business debts: the choices are primarily consumer, or primarily non-consumer, and non-consumer does not only mean business. And I ultimately denied Plaintiff's motion to dismiss because it failed to meet its burden of production. But for purposes of this claim, the point is that Plaintiff alleges Defendant intentionally scheduled his debts as primarily non-consumer when they are in fact consumer. This allegation is especially relevant because of Defendant's inability to explain the purpose of the high interest loans. If the high interest loans were incurred for a consumer purpose, then it is at least arguable that the loans Defendant took out to pay off the high interest loans were also consumer. This raises the possibility that Defendant's debts are in fact primarily consumer debts, and he falsely represented his debts in the petition to defeat a motion to dismiss.

In sum, Plaintiff alleges several false statements in Defendant's petition that are plausibly material, and knowingly and fraudulently made by Defendant. Plaintiff satisfies Civil Rule 9(b) by pleading the who, what, where, when, and why of those false statements. That is enough for this claim to survive Defendant's motion to dismiss.

E.  Plaintiff's § 727(a)(5) Claim is Adequately Pled

Plaintiff's fifth claim is brought under § 727(a)(5). Section 727(a)(5) says I must grant Defendant a discharge unless he "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]" "Under § 727(a)(5) an objecting party bears the initial burden of proof and must demonstrate: (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets." *Retz*, 606 F.3d at 1205 (citations omitted). In *Retz*, "large amounts of money were transferred into and out of Retz's personal bank accounts, and he very rarely had any explanation for

ORDER GRANTING MOTION TO DISMISS IN PART 12/15

where the money went. There is also evidence in the record that Retz went on a spending spree just before filing for bankruptcy to benefit both himself and [his company], purchasing computers, office furniture, servers, luxury cars, a helicopter and hangar, and making gambling trips where he lost thousands of dollars." *Id.*

I conclude Plaintiff states a plausible claim under § 727(a)(5). *Retz* makes clear that money qualifies as "identifiable assets," so Defendant's salary and the proceeds of loans he incurred are fair game here. Defendant argues he has satisfactorily explained where such assets went, pointing to his gambling losses, high expenses, deductions, and the fact that the proceeds of such loans went to paying off the high interest loans. But only some of these expenses are documented in Defendant's filings. For instance, nothing in the bankruptcy case allows a creditor to determine when and where those gambling losses occurred, or in what amounts. It is unclear why Plaintiff should be required to accept at face value that any amount of money Defendant cannot otherwise account for was the result of gambling.[7]

Moreover, Plaintiff notes multiple bank transactions that Defendant has no explanation for. And while it is true Defendant's recent loans were incurred to pay off the high interest loans, I note again that he cannot say what the high interest loans were incurred for, or when they were incurred. This means I cannot determine whether those loans were incurred recently enough to be relevant to this claim. But this is a motion to dismiss, and I must make reasonable inferences in Plaintiff's favor. Plaintiff's underwriting process probably should have determined when the high interest loans were made, and what for. But it is still true that, as between these parties, the person who incurred the high interest loans is in a better position to know these facts. If Defendant wanted to remove the high interest loans from consideration in this claim, he should have the information to do so. That he has not presented such information makes it reasonable to infer those loans are relevant here.

Defendant's filings do explain where some of his income and loan proceeds have gone over the years. But much still appears unaccounted for, and a vague gesture towards

---

[7] While not relevant here, no one has shown much evidence of Defendant's gambling losses. Such allegations, when raised, are neither challenged nor substantiated.

ORDER GRANTING MOTION TO DISMISS IN PART 13/15

gambling losses is not sufficient to defeat this claim, especially on a motion to dismiss. I conclude Plaintiff's allegations state a plausible claim under § 727(a)(5).

F. <u>Leave to Amend</u>

Finally, I conclude leave to amend is improper for Plaintiff's § 523(a)(2)(A). The claim appears untimely, and Defendant does not argue otherwise, so it would be futile to allow Defendant an opportunity to replead it.

**IV. CONCLUSION**

Defendant's motion to dismiss is granted on Plaintiff's § 523(a)(2)(A) claim, but denied as to all others. I also deny leave to amend the § 523(a)(2)(A) claim.

IT IS SO ORDERED.

**END OF ORDER**

**COURT SERVICE LIST**

[ECF recipients only]