Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Evander Frank Kane,
Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| CENTENNIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. Proc. No. 21-5016<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**[1] |

---

[1] This answer is filed pursuant to the Court's *Order on Stipulation to File an Amended Complaint and Amended Answer* entered on December 6, 2021. ECF 27.

ANSWER TO AMENDED COMPLAINT 1

Evander Frank Kane ("Kane"), the debtor in the above-captioned Chapter 7 bankruptcy case and the defendant in this adversary proceeding, hereby answers the Amended Complaint[2] filed by plaintiff Centennial Bank ("Centennial") on December 7, 2021. ECF 28.

## THE PARTIES

1. Kane admits the allegations contained in paragraph 1.

2. Kane admits the allegations contained in paragraph 2, except that Kane no longer resides at the address listed on his bankruptcy petition, which property has been sold by the Chapter 7 trustee pursuant to Court order.

3. Kane is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 3, and therefore they are deemed denied.

## JURISDICTION AND VENUE

4. Kane admits the allegations contained in paragraph 4.

5. Kane admits the allegations contained in paragraph 5.

6. Kane admits the allegations contained in paragraph 6.

7. Kane admits the allegations contained in paragraph 7.

## FACTUAL ALLEGATIONS

A. <u>Centennial's Claim Against the Debtor</u>

8. Kane admits the allegations contained in paragraph 8.

9. Kane admits the authenticity of the documents attached to the Amended Complaint and referenced in paragraph 9 but denies that the Loan was secured or was capable of being secured with respect to his contract with the San Jose Sharks. *See, e.g., Arkison v. Frontier Asset Mgmt., LLC (In re Skagit Pac. Corp.)*, 316 B.R. 330 (B.A.P. 9th Cir. 2004); *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934).

10. Kane admits the allegations in paragraph 10 to the extent they are consistent with the underlying documents. Kane denies Centennial's characterization that automatic loan

---

[2] Unless otherwise specified, capitalized terms carry the same meaning as defined in the *Amended Complaint to Determine Nondischargeability of Debt Pursuant to: 11 U.S.C. §523(a)(2)(A); and 11 U.S.C. §§727(a)(2)-(a)(5)*. ECF 28.

ANSWER TO AMENDED COMPLAINT 2

payments would ensure that Centennial would be paid "without the need for the Debtor to take any further action."

11. Kane admits the authenticity of the document attached to the Amended Complaint and referenced in paragraph 11 but denies that the Garnishment Waiver confirmed anything, or that it is or was enforceable.

12. Kane admits that Centennial advanced the funds referenced in paragraph 12.

13. Kane admits the authenticity of the documents attached to the Amended Complaint and referenced in paragraph 13 and admits that Centennial advanced the funds referenced therein, except that (1) based on the documents attached to the Amended Complaint, the loan appears to have been increased from $5,18**3**,691.17, not $5,181,691.17, on or about February 28, 2019; and (2) based on the documents attached to the Amended Complaint, the loan appears to have been increased from $5,53**9**,501.89, not $5,530,501.89, on or about April 30, 2019.

14. Kane admits he executed the documents attached to the Amended Complaint and referenced in paragraph 14. Kane denies that Centennial obtained or could obtain a valid security interest in Kane's contract or his income stream. *See, e.g., Arkison v. Frontier Asset Mgmt., LLC (In re Skagit Pac. Corp.)*, 316 B.R. 330 (B.A.P. 9th Cir. 2004); *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934).

15. Kane denies the allegations contained in paragraph 15. Irrespective of the language cited in the allegations of paragraph 15, Kane denies that the documents provided Centennial with significant and material rights in Kane's Player's Contract. Kane does not have sufficient information to respond to the allegation as to whether the purported rights were material to Centennial's decisions.

16. Kane admits the allegations contained in paragraph 16 to the extent that, at some point, he requested that the Sharks issue him "live" paper checks.

17. Kane denies the allegations contained in paragraph 17.

ANSWER TO AMENDED COMPLAINT 3

### B. The Debtor's False Oaths

18. Kane admits the allegations contained in paragraph 18 to the extent that he made the referenced amendments to his bankruptcy filings. Kane denies the remainder of the allegations in this paragraph.

19. Kane admits the allegations contained in paragraph 19 to the extent they describe the contents of the referenced documents in a manner that is consistent with the contents of those documents. Kane denies the allegations to the extent they seek to describe his intent with respect to any of his actions. Kane denies any "preemptive and premeditated effort to avoid the means [test]." Kane further denies all allegations from "Given the above . . . ." to the end of this paragraph (i.e., page 7 lines 5–12).

20. Kane denies the allegations in paragraph 20 that he failed to disclose any required information, or that his support payments to his family members were not disclosed.

21. As the allegations of paragraph 21 do not identify any real property, but instead refer to "Undisclosed Residential Property," Kane cannot respond to the allegations and as such denies them. To the extent Centennial alleges that Kane communicated false information in order to obtain a loan, Centennial's claims regarding dischargeability have been dismissed and therefore no response is required.

22. Kane denies the allegations of paragraph 22. Moreover, as previously determined by the Court, Kane had no obligation to amend Schedule I to report postpetition income.

### C. The Debtor's Inability to Account for and Explain Dissipation of Assets

23. Kane denies the allegations contained in paragraph 23.

24. Kane admits that during the 2004 Examination, he could not recall the details of some of the past transactions about which he was questioned.

25. Kane admits that during the 341 Meetings and the 2004 Examination, he could not recall the details of some of the past transactions about which he was questioned.

26. Kane admits that he could not recall the details regarding some of the personal loans he obtained.

ANSWER TO AMENDED COMPLAINT 4

27. Kane admits that he could not recall the details regarding some of his prior gambling losses at his 341 Meetings.

28. Kane admits that at the 341 Meetings he could not recall the details of some of the past investments he may have made.

## COUNT I

**(NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A))**

29. Kane incorporates his responses to paragraphs 1 through 28. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19.

30. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

31. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

32. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

33. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

34. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

35. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

36. Kane notes that this claim is dismissed per the Court's *Order Granting Motion to Dismiss in Part*. ECF 19. As such, no response is required.

## COUNT II

**(DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2))**

37. Kane incorporates his responses to paragraphs 1 through 28.

38. Kane admits the allegations contained in paragraph 38.

39. As the allegations of paragraph 39 do not identify any specific real property, but instead refer to "Undisclosed Residential Property," Kane cannot respond to the allegations and as such denies them.

40. As the allegations of paragraph 40 do not identify any specific real property, but instead refer to "Undisclosed Residential Property," Kane cannot respond to the allegations and as such denies them.

41. As the allegations of paragraph 41 do not identify any specific real property, but instead refer to "Undisclosed Residential Property," Kane cannot respond to the allegations and as such denies them.

42. As the allegations of paragraph 42 do not reference any specific real property, Kane cannot respond to the allegations and as such denies them.

43. As the allegations of paragraph 43 do not reference any specific real property, Kane cannot respond to the allegations and as such denies them.

44. As the allegations of paragraph 44 do not reference any specific real property, Kane cannot respond to the allegations and as such denies them.

45. As the allegations of paragraph 45 do not reference any specific real property, Kane cannot respond to the allegations and as such denies them. Furthermore, Kane denies that he transferred or removed, or permitted the transfer or removal, of any property with the intent to hinder, delay, or defraud any of his creditors.

## COUNT III

### (DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3))

46. Kane incorporates his responses to paragraphs 1 through 28.

47. Kane admits the allegations contained in paragraph 47.

48. Kane admits the allegations of paragraph 48 to the extent that at his 2004 Examination he could not recall the details of some of his past transactions, including all of the names of prior lenders, and denies the remainder of the allegations of this paragraph. Kane notes that the loan documents for the Centennial loans, and for the other related loans, included disbursement instructions that referenced the identity of the High Interest Loan lenders.

49. Kane admits that during the 341 Meetings and the 2004 Examination, he could not recall the details regarding some transactions about which he was questioned. He denies the remainder of the allegations of paragraph 49.

50. Kane admits that during the 341 Meetings and the 2004 Examination, he could not recall the details regarding some transactions about which he was questioned. He denies the remainder of the allegations of paragraph 50.

51. As the allegations of paragraph 51 do not identify any specific real property, but instead refer to "Undisclosed Residential Property," Kane cannot respond to the allegations and as such denies them.

52. Kane denies the allegations contained in paragraph 52.

## COUNT IV

## (DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A))

53. Kane incorporates his responses to paragraphs 1 through 28.

54. Kane denies the allegations contained in paragraph 54.

55. Kane denies the allegations of paragraph 54 except to the extent the allegations are consistent with Kane's testimony that he "could not recall" certain information during his 2004 Examination. Moreover, as the allegations do not identify any specific real property, but instead refer to "Undisclosed Residential Property," Kane cannot respond to the allegations and as such denies them.

56. Kane denies the allegations contained in paragraph 56 to the extent they allege that he intentionally omitted anything, failed to disclose any required information, or that his support payments to his family members were not disclosed.

57. Kane denies the allegations contained in paragraph 57. Moreover, as previously determined by the Court, Kane had no obligation to amend Schedule I to report postpetition income.

58. Kane denies the allegations contained in paragraph 58.

59. Kane denies the allegations contained in paragraph 59.

60. Kane denies the allegations contained in paragraph 60.

ANSWER TO AMENDED COMPLAINT 7

61. Kane denies the allegations contained in paragraph 61.

## COUNT V

### (DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5))

62. Kane incorporates his responses to paragraphs 1 through 28.

63. Kane admits the allegations contained in paragraph 63.

64. Kane denies the allegations contained in paragraph 64 as misstating the funds he actually received from loans and his salary, as well as being vague and ambiguous as to the allegations regarding additional borrowed funds. Kane also denies Centennial's characterization of his real property as "the only meaningful assets identified in the Schedules."

65. Kane denies the allegations contained in paragraph 65.

66. Kane denies the allegations contained in paragraph 66.

67. Kane denies the allegations contained in paragraph 67.

68. Kane denies the allegations contained in paragraph 68.

### CONSENT TO ENTRY OF FINAL ORDER OR JUDGMENT

Pursuant to B.L.R. 7012-1, Kane consents to the entry of a final order or judgment of the Bankruptcy Court in this proceeding.

### AFFIRMATIVE DEFENSES

1. The Amended Complaint and each of its claims for relief fail to state a claim upon which relief can be granted.

2. The Amended Complaint and each of its claims are barred by the applicable statutes of limitation.

3. Centennial failed to use reasonable diligence to mitigate damages, if any, allegedly caused by Kane. Such failure bars or reduces any potential recovery from Kane.

4. Any omissions by Kane were not intentional and not material. Nor could any alleged omissions case harm to the creditors.

5. At all times relevant herein, Kane has acted in good faith and regularly interacted with the trustee and/or creditors to provide requested information.

6. Kane presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Kane reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF**

Wherefore, Kane prays for judgment as follows:

1. That Centennial take nothing by virtue of this action.
2. That judgment be entered in favor of Kane and against Centennial.
3. For costs of suit incurred herein.
4. For such other and further relief as the Court deems proper.

Dated December 9, 2021　　　　　　　　　FINESTONE HAYES LLP

　　　　　　　　　　　　　　　　　　　　　/s/ Ryan A. Witthans
　　　　　　　　　　　　　　　　　　　　Ryan A. Witthans
　　　　　　　　　　　　　　　　　　　　Attorneys for Evander Frank Kane

ANSWER TO AMENDED COMPLAINT　　　　　　　　　　　　　　　　　　　　9