ANTHONY & PARTNERS, LLC
JOHN A. ANTHONY (FL SBN 0731013)
  janthony@anthonyandpartners.com
ANDREW J. GHEKAS (FL SBN 0119169)
*Both Appearing Pro Hac Vice*
aghekas@anthonyandpartners.com
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813.273.5616
Facsimile: 813.221.4113

COOPER, WHITE & COOPER LLP
PETER C. CALIFANO (CA SBN 129043)
  pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: 415.433.1900
Facsimile: 415.433.5530

Attorneys for Plaintiff
CENTENNIAL BANK

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

## [San Jose Division]

| | |
|---|---|
| In re | CASE NO. 21-50028 SLJ |
| EVANDER FRANK KANE, | Chapter 7 |
| Debtor. | |
| CENTENNIAL BANK, an Arkansas state chartered bank, | Adv No. 21-05016 |
| Plaintiff, | **CENTENNIAL BANK'S STATEMENT REGARDING CONSOLIDATION** |
| vs. | Date: February 17, 2022 |
| EVANDER FRANK KANE, | Time: 1:30 p.m. PST |
| Defendant. | Place: Via Zoom Video-conference |
| | Judge: Hon. Stephen L. Johnson |

Pursuant to the "Order Continuing Status Conferences and Hearing on Proposed Adversary

Proceeding Schedule" (the "Order") entered on December 14, 2021, by this Court, Centennial Bank,

an Arkansas state chartered bank ("Centennial"), hereby files this statement concerning this Court's

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-05016    Doc# 31    Filed: 02/14/22    Entered: 02/14/22 15:25:17    Page 1 of 4

proposal to consolidate the various pending adversary proceedings advancing §727(a) claims together for discovery and trial.

1.      On May 5, 2021, Centennial initiated the above-captioned adversary proceeding (this "Adversary Proceeding") by filing its "Complaint to Determine Nondischargeability of Debt Pursuant to: 11 U.S.C. §523(a)(2)(A); and 11 U.S.C. §§727(a)(2)-(a)(5)" (the "Centennial Complaint"), thereby seeking the denial of discharge as to Evander Frank Kane ("Kane"). As it pertains to this statement, the Centennial Complaint contains the following four (4) causes of action:

      a.      Count II: seeking denial of discharge pursuant to 11 U.S.C. §727(a)(2) (the "Centennial 727(a)(2) Claim");

      b.      Count III: seeking denial of discharge pursuant to 11 U.S.C. §727(a)(3) (the "Centennial 727(a)(3) Claim");

      c.      Count IV: seeking denial of discharge pursuant to 11 U.S.C. §727(a)(4) (the "Centennial 727(a)(4) Claim"); and

      d.      Count V: seeking denial of discharge pursuant to 11 U.S.C. §727(a)(5) (the "Centennial 727(a)(5) Claim").

All of the foregoing are collectively referred to herein as the "Centennial 727 Claims."

2.      On April 1, 2021, Hope Parker ("H. Parker") initiated her own independent adversary proceeding as against Kane, Case No. 21-5008, by the filing of her "Adversary Complaint for Nondischargeability of Debt Pursuant to: 11 U.S.C. §523(a)(2); and 11 U.S.C. §§727(a)(2)-(a)(7)" (the "Parker Complaint"). As it pertains to this statement, the Parker Complaint contains the following cause of action:

      a.      Second Claim for Relief: Debt Non-Dischargeability Pursuant to 11 U.S.C. §§727(a)(2)-(a)(7) (the "Parker 727 Claim"), solely as it raises a claim under §727(a)(5).

3.      On December 9, 2021, Zions Bancorporation, N.A. dba California Bank & Trust ("Zions"), initiated its own independent adversary proceeding as against Kane, Case No. 21-5056, by the filing of its "Complaint by Zions Bancorporation, N.A. Against Evander Frank Kane for Denial of Discharge Under 11 U.S.C. § 727" (the "Zions Complaint"). The Zions Complaint

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

contains the following single claim for relief:

    a.    Denial of Discharge Under 11 U.S.C. § 727(a)(2) (the "Zions 727 Claim").

4.    On November 19, 2021, this Court entered its "Order On Scheduling Of Pending Adversary Proceedings" (the "Initial Scheduling Order") [Doc. 24], pursuant to which this Court proposed to move forward with all §727(a) causes of action while putting on hold the §523(a) actions, as the §523(a) actions would become unnecessary if any of the creditors were to succeed on their §727(a) causes of action. In these regards, this Court proposed to bifurcate the Parker 727 Claim and join it with the Centennial 727 Claims, and consolidate the same for discovery and trial purposes.

5.    On December 14, 2021, this Court entered its Order in light of the fact that Zions had filed the Zions Complaint, thereby asserting the Zions 727 Claim that was not otherwise previously contemplated in the Initial Scheduling Order. In these regards, this Court modified its prior order to include this new development. This Court further continued the status conference for February 17, 2022, and requested each party to file and serve separate statements in the adversary proceeding they are appearing in addressing this Court's proposal no later than February 14, 2022.

## CENTENNIALS STATEMENT REGARDING PROPOSAL

6.    As it relates to this Court's proposal, Centennial responds as follows:

    a.    Centennial does not object to the consolidation of the Parker 727 Claim with the Centennial 727 Claims. Upon review of the sole Parker 727 Claim, it appears the same is subsumed into the Centennial 727(a)(5) Claim, in that the same discovery and legal analysis will be required.

    b.    While Centennial does not object to the consolidation of the Parker 727 Claim with the Centennial 727 Claim, Centennial does not believe that similar consolidation of the Zions 727 Claim and Centennial 727 Claims is appropriate. While both the Centennial Complaint and Zions Complaint assert 727(a)(2) claims, the basis for each claim is different. It appears that Zions focuses solely on Kane's prepetition transfer of non-exempt property into exempt property pertaining to Kane's California residence. These are not allegations that are contained within the

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Centennial 727(a)(2) Claim.  Moreover, given that the Zions Complaint only asserts the singular, discrete Zions 727 Claim, it would appear that Zions ability to complete discovery and advance to trial would be delayed by the Centennial 727 Claims if consolidation were ordered.

DATED: February 14, 2022        ANTHONY & PARTNERS, LLC


By:       /s/ John A. Anthony
                  John A. Anthony
                  Attorneys for Plaintiff
                  CENTENNIAL BANK


DATED:  February 14, 2022       COOPER, WHITE & COOPER LLP


By:       /s/ Peter C. Califano
                  Peter C. Califano
                  Attorneys for Plaintiff
                  CENTENNIAL BANK

1518804.1

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-05016   Doc# 31   Filed: 02/14/22   Entered: 02/14/22 15:25:17   Page 4 of 4

4