

**The following constitutes the order of the Court.**
**Signed: February 25, 2022**

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EVANDER KANE,<br><br>                Debtor. | Case No. 21-50028 SLJ<br><br>Chapter 7 |
| HOPE PARKER,<br>    Plaintiff,<br>v.<br>EVANDER KANE,<br>    Defendant. | Adv. Proc. No. 21-5008 |
| CENTENNIAL BANK,<br>    Plaintiff,<br>v.<br>EVANDER KANE,<br>    Defendant. | Adv. Proc. No. 21-5016 |

## TRIAL SCHEDULING ORDER
Fed. R. Bankr. P. 7016

The cases captioned above present similar claims for relief under 11 U.S.C. § 727(a). On November 19, 2021, the court entered the Order on Scheduling of Pending Adversary

TRIAL SCHEDULING ORDER

1

Proceedings in these cases and directing the parties to respond to the court's intention to consolidate them for trial (including other actions not captioned above, which will be the subject of separate orders). The parties responded to that order and their responses can be found on the dockets. The court held a hearing on February 17, 2022.

Having given notice to the parties, and having reviewed their responses, the court has determined, in the interests of reducing cost and delay, and furthering judicial economy and ensuring the timely adjudication of disputes, that these proceedings should be tried together. Fed. R. Bankr. P. 1001. Accordingly, the court will conduct a joint trial in these proceedings following the schedule and rules set out below.

| Table of Pre-Trial and Trial Deadlines | |
| --- | --- |
| Expert Witness(es) Disclosure Date | September 2, 2022 |
| Fact Discovery Cut Off | November 21, 2022 |
| Expert Witness(es) Discovery Cut Off | November 21, 2022 |
| Last day to hear Discovery Motion(s) | November 21, 2022 |
| Exchange Witness List and Exhibits | December 8, 2022 |
| Last day to hear Summary Judgment Motion(s) | December 15, 2022 |
| Parties' Pre-Trial Meet and Confer | December 15, 2022 |
| File and Serve Motions in Limine | December 30, 2023 |
| File and Serve Opposition to Motions in Limine | January 3, 2023 |
| Joint Pre-Trial Conference Statement Filing Date | January 6, 2023 |
| Pre-Trial Conference Date & Time | January 12, 2023, 1:00 p.m. |
| Lodge Exhibits with Court | January 17, 2023 |
| Lodge Witness List with Court | January 17, 2023 |
| File and Serve Trial Brief | January 17, 2023 |
| Trial Date & Time | January 23, 2023, 9:00 a.m. Trial is Monday, Wednesday, Thursday and Friday the first week; then Monday, Wednesday, and Thursday the second week |
| Amount of Trial Time (Trials are Timed) | **7 days** |

TRIAL SCHEDULING ORDER

2

Case: 21-05016    Doc# 33    Filed: 02/25/22    Entered: 02/25/22 14:26:19    Page 2 of 9

The court will require adherence to these procedures:

**1.     DISCOVERY**

Counsel shall comply with the deadlines established above, as applicable.[1] Notwithstanding Civil Local Rule (C.L.R.) 37-3, as incorporated by Bankruptcy Local Rule (B.L.R.) 1001-2, all <u>discovery motions</u> must be heard by the close of discovery. Counsel should carefully review C.L.R. 37–1, which requires a meaningful "meet and confer" before asking for court assistance. Generally, discovery disputes can be resolved without the necessity of a formal motion. See Judge Johnson's <u>Practices and Procedures</u>.[2] Counsel should be familiar with the filing and timing requirements for motions under B.L.R. 7007-1.

**2.     MOTIONS FOR SUMMARY JUDGMENT**

Counsel should be familiar with the filing and timing requirements for motions under B.L.R. 7007-1. No separate statement of undisputed facts is required under the Federal Rules or the B.L.R.

**3.     PARTIES' PRE-TRIAL MEET AND CONFER**

Counsel shall meet and confer (in person or by telephone, and not solely by e-mail) to discuss the conduct of the trial in this matter by the deadline established above. At the conclusion of their meeting, counsel shall prepare a Joint Pre-Trial Conference Statement which includes <u>concise</u> and <u>specific</u> responses to <u>each of the following matters</u>:

　　A.     <u>The following facts are admitted and require no proof</u>
　　B.     <u>The following issues of fact, and no others, remain to be litigated</u>
　　C.     <u>The following issues of law, and no others, remain to be litigated</u>
　　D.     <u>The appropriate measure of damages is</u>
　　E.     <u>The parties have exchanged lists of witnesses to be called at trial</u>

---

[1] Both parties also assert claims under 11 U.S.C. § 523(a)(2). As noted in an accompanying order, prosecution of those claims will be stayed pending the outcome of this proceeding.

[2] http://www.canb.uscourts.gov/procedure/johnson/judge-johnsons-practices-and-procedures

TRIAL SCHEDULING ORDER

3

F. <u>The parties have exchanged all other non-testimonial evidence to be used at trial including: documents, expert reports, physical evidence</u>

G. <u>The parties have stipulated to the admission of the following documents for all purposes</u>

H. <u>The parties have objections to the following documents (including the general nature of the objection)</u>

I. <u>Other matters that might affect the trial</u>

If the parties do not agree on a joint response to any of the above, they should set forth each side's position clearly and concisely.

Counsel need not disclose evidence that will be presented as impeachment of any witness. Counsel should be clear that impeachment is a fairly narrow category of evidence.[3]

**4. JOINT PRE-TRIAL CONFERENCE STATEMENT**

Counsel shall file a Joint Pre-Trial Conference Statement by the deadline set forth above. The statement shall include the following elements:

A. Responses to all matters addressed in Paragraph 3, above;

B. Each part(ies)' List of Exhibits to be Offered at Trial; and

C. Each part(ies)' List of Witnesses to be Offered at Trial.

<u>Witnesses and exhibits omitted from these lists will be excluded</u>.

The operative pleadings (complaint and answer) will be deemed superseded by the parties' Pre-Trial Conference Statement.

**5. COURT'S EXPECTATIONS REGARDING PARTIES' PRE-TRIAL MEET AND CONFER AND PRE-TRIAL CONFERENCE STATEMENT**

It is the Court's experience that proper preparation for trial, including appropriate participation in the pre-trial process, makes for better trials and better results. Counsel must participate meaningfully in the Parties' Pre-Trial Meet and Confer.

---

[3] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir. 2008); *see also Daly v. Far Eastern Shipping Co.*, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), *aff'd* 108 Fed. Appx. 476 (9th Cir. 2004).

TRIAL SCHEDULING ORDER

4

Plaintiff(s)' counsel shall have the obligation of setting up the Parties' Pre-Trial Meet and Confer and drafting the initial Joint Pre-Trial Conference Statement. Defendant(s)' counsel shall be available for the Parties' Pre-Trial Meet and Confer, and shall review the Joint Pre-Trial Conference Statement promptly and shall supply comments as necessary. Plaintiff(s)' counsel shall file the completed document on time and in a satisfactory state.

<u>If counsel fail to cooperate with each other in conducting the Parties' Pre-Trial Meet and Confer, or in preparing the Pre-Trial Conference Statement, they and the parties should expect the court will assess sanctions set out below based on fault.</u>

**6.      MOTIONS IN LIMINE**

The parties must confer on the evidence that will be offered at trial, see paragraph 3(G) and (H), above. Any party who wishes to exclude evidence must file and serve a motion in limine by the date stated above. Such motions shall include a certification that the parties have met and conferred in good faith as required. Oppositions must be filed by the date indicated. The court will rule on these motions at the commencement of the trial.

**7.      PRE-TRIAL CONFERENCE**

A Pre-Trial Conference will be held at the date and time indicated above at the United States Bankruptcy Court, 280 South First Street, Courtroom 9, San Jose, CA 95113.

<u>Trial counsel shall attend in person.</u>

The court will discuss in detail the matters set forth in the Joint Pre-Trial Conference Statement. The court will focus in particular on the order of proof, matters of fact and law over which there is no argument, and stipulations as to witness and exhibit admissibility.

**8.      TRIAL EXHIBITS**

   a.      <u>Procedure</u>

The court requires the party supply it with two paper copies of all exhibits identified on the Exhibit List by the deadline set forth above. Counsel shall pre-mark all exhibits (Plaintiff(s) should use numbers, Defendant(s) letters). A party's exhibits must include those that they intend to use for purposes of impeachment or rebuttal, so that the court may access them (if necessary) during trial.

TRIAL SCHEDULING ORDER

5

Each party shall also provide an electronic copy of its exhibits to the courtroom deputy and opposing counsel. Each exhibit shall be a separate .pdf file, named and numbered sequentially, with these additional provisos:

- An exhibit shall not include more than one document and its attachments.
- Lengthy exhibits must be bookmarked so that counsel, witnesses, and the court may easily navigate within the document.
- Each page of any exhibit that has more than one page must be numbered consecutively.
- A party's exhibits must include those that they intend to use for purposes of impeachment or rebuttal, so that the court may access them (if necessary) during trial. The parties can limit access to opposing counsel or other parties pending the introduction of that evidence.

    b.    Introduction of Evidence Limited to Sponsored Material

Generally, exhibits will only be admitted at trial if they are sponsored by a witness and their relevance is demonstrated to the court. The court does not block admit evidence.

## 9. TRIAL BRIEFS

By the date set forth above each counsel shall file and serve a trial brief. Trial briefs shall not exceed fifteen (15) pages without prior permission of the court. Trial briefs must include:

    A.    A discussion of the elements of each cause of action, including citation to controlling authority (9th Circuit); and

    B.    A discussion of the legal basis and calculation for each type of damage requested in the complaint.

Extended factual discussions are not necessary.

## 10. TRIAL

Trial will commence at the date and time noted above, at the United States Bankruptcy Court, 280 South First Street, Courtroom 9, San Jose, CA 95113.

Trials are held beginning at 9:00 a.m. and conclude at 4:00 p.m. The court takes a one hour lunch break. So, each day of trial is 6 hours of testimony.

TRIAL SCHEDULING ORDER

6

Trials are timed and testimony will be split evenly as between Plaintiffs and Defendant (each side receives 50% of the trial time). However, trial time for Plaintiffs will be divided 30% (Parker) and 70% (Centennial Bank) to take account of the number of causes of action each is prosecuting. Plaintiffs are free to adjust their time by agreement between counsel but must inform the courtroom deputy in advance of trial of their arrangement.

Seven calendar days before the trial date counsel shall inform the courtroom deputy (Anna Lee (408) 278-7517) whether the parties have settled. The court will not vacate trial date unless settlement is reduced to writing and signed by the parties prior to trial.

## 11. WITNESSES

Unavailability

Counsel must take appropriate steps to ensure witnesses are available for trial. If necessary, witnesses must be subpoenaed. Unrepresented parties must obtain subpoenas in advance from the clerk of the court and ensure they are served on witnesses in a timely way.

The use of prior depositions or declarations is not permitted unless the witness is truly unavailable. Counsel should review Federal Rule of Evidence 804(a) for what constitutes "unavailable".

Form of Testimony

___ Direct witness testimony in the form of a declaration under penalty of perjury will be submitted at the same time as the trial brief. Witnesses must be present in court at trial for examination; or

_x_ Testimony will be presented live for all witnesses.

Interpreters

If counsel intends to call a witness who speaks only or primarily a language other than English, counsel is responsible for providing interpreter services for trial, except when the adversary proceeding is instituted by an agency or department of the United States. *See* 28 U.S.C. 1827. The interpreter must be a Federally-Certified Court Interpreter, a Professionally-Qualified Interpreter, or a Language-Skilled Interpreter, as defined by the Clerk of the United States District Court, Northern District of California.[4]

---

[4] *See* https://www.cand.uscourts.gov/interpreters

TRIAL SCHEDULING ORDER
7

**11.  FAILURE TO COMPLY WITH OBLIGATIONS UNDER THIS PRE-TRIAL ORDER**

The court takes trial seriously and expects counsel to do the same.

<u>Continuances</u>:

Counsel should be aware that the court will not grant continuances of trial dates absent compelling circumstances beyond the part(ies)' or counsel's control. The unavailability of parties, counsel, experts, or other necessary individuals will not constitute cause to continue a trial.

<u>Stipulations to continue a trial do not bind the court</u>.

Failure to comply with pre-trial requirements – including failing to file exhibits, witness lists, and trial briefs – will <u>not</u> result in a trial being reset but will result in appropriate sanctions, as below.

<u>Failure to Participate in Pre-Trial Process, to Complete Required Filings, or to Appear for Trial</u>:

Depending on fault and circumstances, the court may (1) enter judgment against the offending party; (2) exclude evidence, (3) impose sanctions against a party, (4) impose sanctions against counsel, (5) dismiss a matter or proceeding, or (6) enter any other order or sanction permitted by law.

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

TRIAL SCHEDULING ORDER

8

Case: 21-05016    Doc# 33    Filed: 02/25/22    Entered: 02/25/22 14:26:19    Page 8 of 9

**COURT SERVICE LIST**

[ECF recipients only]