1  Stephen D. Finestone (SBN 125675)
   Ryan A. Witthans (SBN 301432)
2  FINESTONE HAYES LLP
   456 Montgomery Street, Floor 20
3  San Francisco, CA 94104
   Tel.:   (415) 421-2624
4  Fax:    (415) 398-2820
   Email: sfinestone@fhlawllp.com
5  Email: rwitthans@fhlawllp.com

6  Attorneys for Evander Frank Kane,
   Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| CENTENNIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. Proc. No. 21-5016<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING OR REFERENCE TO DEFENDANT'S RESPONSES TO DISCOVERY AT TRIAL** |

Defendant Evander Frank Kane ("Defendant" or "Kane") hereby moves the Court for an order *in limine* to exclude any evidence, testimony, or argument pertaining to certain discovery responses, and any adverse inferences therefrom, that Defendant believes Plaintiff, Centennial Bank ("Centennial"), may offer at the time of trial.

//

//

//

//

DEFENDANT'S MOTION IN LIMINE     1

## I. INTRODUCTION

This Motion *in limine* (the "Motion")[1] arises from a discovery dispute regarding the scope of Kane's responses to Centennial's discovery requests, which Centennial failed to bring to the Court's attention through the appropriate procedures during discovery and Kane believes Centennial will offer at trial as evidence of Kane's supposed failure to keep or preserve recorded information of his financial condition or transactions, or to explain the distribution or deficiency of certain assets. Having sat on its objections for months during discovery and failing to obtain certain information and documents, Centennial now attempts to attribute the consequences of its own failures and dilatory tactics on Kane to infer he failed to preserve and produce records and that his discharge should be denied under § 727(a)(3) and (a)(5). Therefore, Defendant moves to exclude Centennial from introducing any evidence, testimony, or argument relating to the sufficiency of Kane's responses and any adverse inferences that might be drawn from the lack of certain records that fall within a normal discovery issue.

## II. STATEMENT OF FACTS

Kane filed the underlying bankruptcy case on January 9, 2021. BK 1. Centennial filed its *Complaint to Determine Nondischargeability of Debt Pursuant to: 11 U.S.C. § 523(a)(2)(A); and 11 U.S.C. §§ 727(a)(2)-(a)(5)* on May 5, 2021.[2] AP 1. On May 5, 2021, the Court issued its *Order re Initial Disclosures and Discovery Conference* (the "Discovery Order"), providing for, among other things, procedures for the discovery conference, arrangements to make initial disclosures, and development of a discovery plan. AP 3.

On November 1, 2021, Centennial and Kane held a discovery conference (the "Discovery Conference") pursuant to the Discovery Order. *See Declaration of Stephen D. Finestone in Support of Defendant's Motion in Limine* ("Finestone Declaration"), at ¶ 2. During the Discovery Conference, the parties disagreed over the appropriate amount of time for discovery, with

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "AP" references are to the docket in this adversary proceeding and "BK" references are to the docket in the underlying bankruptcy case.

[2] Centennial filed an amended complaint on December 7, 2021. AP 28.

DEFENDANT'S MOTION IN LIMINE 2

Centennial asserting that a longer discovery period was necessary due to the anticipated need for third-party discovery. *Id.* at ¶ 3. The parties filed their *Joint Discovery Plan* on November 15, 2021, in which Centennial proposed a discovery cut-off date of December 2, 2022. AP 23.

Following the status conference on November 18, 2021, the Court issued its *Order on Scheduling of Pending Adversary Proceedings* (the "Initial Scheduling Order"), directing the parties to respond to the Court's intention to proceed first with the § 727(a) causes of actions in two adversary proceedings, *Parker v. Kane*, AP No. 21-5008, and *Centennial Bank v. Kane*, AP No. 21-5016, and consolidate them for trial. AP 24.

The parties responded to the Initial Scheduling Order, and Kane again expressed concern about delaying trial on the § 727 actions until the spring of 2023. *See* AP 32.

Kane had already provided to Centennial the documents he previously produced to the Chapter 7 Trustee and the United States Trustee pursuant to the Court's *Order Approving Stipulation Regarding Centennial Bank Rule 2004 Examination*. BK 61; Finestone Declaration, at ¶ 3.

On December 3, 2021, Centennial served its initial set of interrogatories, requests for admission, and requests for production, and Kane timely responded. Finestone Declaration, at ¶ 4. On January 21, 2022, Kane made his initial document production. *Id.*

On February 2, 2022, Anthony J. Ghekas ("Mr. Ghekas"), counsel for Centennial, sent a letter to Kane's counsel, Stephen D. Finestone ("Mr. Finestone"), listing numerous disputes regarding Kane's responses and the extent of his production. *Id.* at ¶ 5. On February 10, 2022, Kane replied and noted, in part, that Centennial made myriad requests for Kane's financial documents, which in many cases were overbroad, both in respect to time and scope. *Id.* at ¶ 6. For example, Centennial's Request for Production ("RFP") 35–36 and 38 sought documents from the past seven years, RFPs 40 and 46 requested documents without any time limitation, and RFPs 51–53 asked for documents from the past twelve years without any showing of relevance or compelling need. *See id.* at Exhibit C. Generally, Kane agreed to produce non-privileged documents from the two years prior to the petition date that are responsive to Centennial's requests that are in Kane's possession, custody, and control, and that can be located by a

DEFENDANT'S MOTION IN LIMINE 3

reasonable search. *Id.* at ¶ 7. Centennial did not raise any of these discovery issues in its Status Conference Statement filed on February 14, 2022. *See* AP 31.

The Court held a Status Conference on February 17, 2022, and entered the *Trial Scheduling Order* on February 25, 2022. AP 33. Pursuant to the *Trial Scheduling Order*, the fact and expert discovery cut-off date was set for November 21, 2022. AP 33. In relevant part, the *Trial Scheduling Order* provided:

> Counsel shall comply with the deadlines established above, as applicable. Notwithstanding Civil Local Rule (C.L.R.) 37-3, as incorporated by Bankruptcy Local Rule (B.L.R.) 1001-2, all <u>discovery motions</u> must be heard by the close of discovery. Counsel should carefully review C.L.R. 37–1, which requires a meaningful "meet and confer" before asking for court assistance. Generally, discovery disputes can be resolved without the necessity of a formal motion. See Judge Johnson's <u>Practices and Procedures</u>. Counsel should be familiar with the filing and timing requirements for motions under B.L.R. 7007-1.

AP 33 (formatting in original; footnotes omitted).

On February 28, 2022, Ryan A. Witthans ("Mr. Witthans"), counsel for Kane, emailed Mr. Ghekas with Kane's amended RFP responses and supplemental documents. Finestone Declaration, at ¶ 10.

On March 1, 2022, Mr. Ghekas emailed Kane's attorneys with additional disputes regarding Kane's responses and the scope of his production, including bank and credit card statements yet to be produced and noting that Centennial did not agree to restricting its RFPs to two years prior to the petition date. *Id.* at ¶ 11. Mr. Ghekas added "if Mr. Kane is holding back any documents either under a claim of privilege or because they are dated pre-January 2019, then we need to address this with the Court." *Id*. Kane produced additional documents to Centennial on March 9 and 14, 2022. *Id*. at ¶ 12. In an email on March 14, 2022, Mr. Witthans explained to Mr. Ghekas that Kane no longer had any access to the Bank of America and Wells Fargo accounts (which had been closed due to Kane's bankruptcy). *Id*.

More than three months after Mr. Witthans' March 14, 2022 email, Mr. Ghekas replied on June 28, 2022, to inquire whether Kane had produced all documents responsive to Centennial's requests and if any further production would be made. *Id*. at ¶ 13. Mr. Witthans

DEFENDANT'S MOTION IN LIMINE 4

replied to Mr. Ghekas on the same day, confirming that Kane had produced all responsive documents within his possession and control and that no further production was expected. *Id*. Mr. Witthans advised Mr. Ghekas, "If you think that anything was missing from the produced documents, please let me know ASAP." *Id*. There was no further communication from Centennial's counsel to Kane's attorneys about the sufficiency of Kane's document production. *Id*.

Other than the aforementioned written discovery and document production, Centennial's other discovery consisted of a one-day deposition of Mr. Kane. *Id.* at ¶ 14. Centennial made no further meet and confer effort regarding the sufficiency of Kane's responses and did not bring any disputes to the Court's attention pursuant to this Court's Practices and Procedures. Centennial raised, the discovery responses as an argument in the form of a proposed Motion for Summary Judgment filed on November 17, 2022—*a mere four days before the discovery deadline*. *See* AP 39; Finestone Declaration, at ¶ 15. Moreover, Centennial filed its Motion for Summary Judgment after learning that there were no open calendar dates available, *see* AP 36, and after the Court denied its *ex parte* application to specially set a hearing date, AP 37. Based on pre-trial exchanges, Kane understands that at trial Centennial will make the same arguments from their Motion for Summary Judgment regarding Kane's document production. Finestone Declaration, at ¶ 16.

### III. ARGUMENT

The primary purpose of the discovery rules in the Federal Rules of Civil Procedure is to avoid litigation by surprise. *See Hickman v. Taylor*, 329 U.S. 495, 500–01 (1947). However, Centennial has failed to prosecute this case in good faith, eschewing conferring with Kane's counsel to resolve disputes without Court action, never raising these disputes with the Court, and choosing instead to play a game of "gotcha" with Defendant. Despite harboring concerns about the sufficiency of Kane's responses and production as early as March 2022, Centennial did not meet and confer with Kane and did not bring its dispute to the Court's attention through the discovery process but rather sat on these disputes until Centennial cited them in support of its proposed Motion for Summary Judgment *four days before the close of discovery*. *See* AP 39, 39-

1; Finestone Declaration, at ¶¶ 11, 15. Based on pre-trial exchanges, Kane understands that Centennial intends to make the same arguments at trial that are framed in its Motion for Summary Judgment. *Id*. at ¶ 16.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

This Court's Practices and Procedures provide that when there are discovery disputes:

> The parties shall not file formal discovery motions. The Court will hold a telephonic conference to resolve a discovery dispute in lieu of formal motions to compel or quash discovery. See B.L.R. 1001-2(a)(46) and Civil L.R. 37-1(a) and (b)). Parties should comply with the procedures set forth in Civil L.R. 37-1 (particularly with respect to required conferences and meet and confer rules. See Civil L.R. 1-5(n)). To schedule a telephonic conference regarding a discovery dispute, counsel should contact Courtroom Deputy Anna Lee. The Court may request the parties to file a joint letter brief if the matter cannot be resolved without paper.
>
> During depositions, a party may contact the Court if another party persistently obstructs the deposition or the deponent refuses to answer a material question on the basis of any ground other than privilege or the work product doctrine. Contact should be directed through Courtroom Deputy Anna Lee.
>
> Any request for sanctions relating to a discovery dispute must be made by separate noticed motion. Rules 7037(a), 9014, 9020.

Judge Johnson's Practices and Procedures (May 18, 2020), *available at* https://www.canb.uscourts.gov/procedure/johnson/judge-johnsons-practices-and-procedures.

Discovery started over a year ago. Kane provided Centennial the documents he previously produced to the Chapter 7 Trustee and the United States Trustee pursuant to Centennial's Rule 2004 Examination. *See* BK 61; Finestone Declaration, at ¶ 3. Kane further provided his initial production of responsive documents and several subsequent productions near

the beginning of the discovery process, between January and March 2022. Finestone Declaration, at ¶ 4, 10, 12.

Despite raising concerns over the scope of Kane's responses and production, Centennial took no actions. *Id.* at ¶ 15. Instead, it intends to allege insufficiencies in that record as a basis to deny Kane a discharge. *Id.* at ¶ 16; *see also* AP 39.

In spite of the Court's explicit instructions in the *Trial Scheduling Order* and its Practices and Procedures, Centennial did not meet and confer with Kane and never raised its discovery disputes with the Court. Finestone Declaration, at ¶ 14. The Court therefore was never able to address Centennial's allegations regarding the supposed insufficiency of Defendant's response to discovery. Having failed to raise these issues in a timely and proper manner, and to obtain the Court's rulings when any deficiencies could have been addressed and resolved, Centennial should not be permitted to assert these disputes and consequently the non-production of certain records beyond the two years prior to the petition date that Kane agreed to provide as evidence at trial. *Cf. Lemon v. Harlem Globetrotters Int'l, Inc.*, 2006 U.S. Dist. LEXIS 88721, at *6–8 (D. Ariz. Dec. 6, 2006) ("The Court holds that evidence of Defendants' alleged discovery abuses may not be introduced at trial or mentioned to the jury. Plaintiffs had ample time to complete discovery and to obtain the Court's assistance in resolving discovery disputes. Having failed to do so, Plaintiffs may not now turn this case into a trial of whether Defendants' discovery responses were proper.").[3]

## IV. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and enter an order precluding Centennial from offering evidence, testimony, or argument that Kane's responses to Centennial's identified discovery were insufficient, and precluding the drawing of any adverse inferences from the lack of certain records outside of the two years prior to the petition date that Kane agreed to provide, or such other relief as the Court deems proper.

---

[3] To be clear, Kane does not concede that there was anything improper about his discovery responses.

DEFENDANT'S MOTION IN LIMINE 7

| | | |
|---|---|---|
| 1 | Dated December 30, 2022 | FINESTONE HAYES LLP |
| 2 | | |
| 3 | | */s/ Stephen D. Finestone* |
| | | Stephen D. Finestone |
| 4 | | Attorneys for Evander Frank Kane, Debtor and Defendant |

DEFENDANT'S MOTION IN LIMINE 8